UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-30-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MIGUEL BRACAMONTES, | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* Motion for Records [DE-249] filed by Defendant Miguel Bracamontes ("Bracamontes").

On February 1, 2011, Bracamontes was sentenced to a total of 364 months imprisonment after pleading guilty to one count of conspiracy to distribute and possess with intent to distribute more than five hundred (500) grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of conspiracy to distribute and possess with intent to distribute a quantity of cocaine and fifty (50) grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of possession with intent to distribute quantity of cocaine and fifty (50) grams or more of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of eluding examination and inspection by immigration officers, in violation of 8 U.S.C. § 1325(a). On February 9, 2011, Bracamontes appealed his sentence. *See* [DE-217]. On February 7, 2012, the Fourth Circuit affirmed the decision of this court. *See* [DE-247]. Subsequently, on February 22, 2012, the Fourth Circuit stayed the mandate pursuant to Fed. R. App. P. 41(d)(1). *See* [DE-248]. On April 3, 2012, the Fourth Circuit denied the petition for rehearing

en banc. *See* [DE-250]. In this instant motion, Bracamontes requests that "A COPY OF THE RECORD OF HIS JUDICIAL PROCEEDINGS OF THIS CASE []" and states that he "IS IN HIS APPEAL PROCESS AND REQUIRES THESE RECORDS IN ORDER TO PRESENT HIS CASE."

*Pro se* motions are liberally construed and are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leake*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the court has construed the current motion as one requesting the production of court records at the Government's expense. A prisoner who requests free copies of records in his or her case must show a particularized need for such documents. *See Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (holding that a defendant is entitled to his own copy of the trial transcripts only upon a showing of a particularized need); *see also United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("[A]n indigent is not entitled to transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."). Here, the court finds that Bracamontes fails to state, with any specificity, what documents he actually seeks from his record and a "particularized need" for such records.[1] Therefore, even when construed liberally, the Motion for Records [DE-249] must be DENIED.

SO ORDERED.

This the 4th day of April, 2012.

---

[1] As noted previously, at the time the instant motion was filed, the Fourth Circuit had already affirmed the decision of this court, but stayed the mandate pursuant to Fed. R. App. P. 41(d)(1). On April 3, 2012, the Fourth Circuit denied Bracamontes' petition for rehearing en banc.

_____
JAMES C. FOX
Senior United States District Judge