UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-30-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MIGUEL BRACAMONTES, | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* Motion for Reconsideration [DE-253] of the court's order denying the Motion for Records [DE-249] filed by Miguel Bracamontes ("Bracamontes").

On March 29, 2012, Bracamontes filed the Motion for Records [DE-249] requesting "A COPY OF THE RECORD OF HIS JUDICIAL PROCEEDINGS OF THIS CASE []" as he "IS IN HIS APPEAL PROCESS AND REQUIRES THESE RECORDS IN ORDER TO PRESENT HIS CASE." As Bracamontes failed to state, with any specificity, what documents he actually sought from his records and a particularized need for such, the court denied his request.[1] *See* [DE-251]. In the instant motion, Bracamontes states that he is "MOVING THIS COURT FOR RECONSIDERATION OF ITS DENIAL OF HIS MOTION FOR COPIES OF THE RECORD[.]" Bracamontes now claims that he is "GOING TO THE SUPREME COURT VIA CERTIORARI AND FOR HIS 2255 REQUIRE A COPY OF HIS PLEA AND SENTENCING TRANSCRIPTS

---

[1] At the time the Motion for Records [DE-249] was filed, the Fourth Circuit had already affirmed the decision of this court, but stayed the mandate pursuant to Fed. R. App. P. 41(d)(1). On April 3, 2012, the Fourth Circuit denied Bracamontes' petition for rehearing en banc.

ALONG WITH THE COST OF EACH." *Pro se* motions are liberally construed and are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leake*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the court will construe the latest request as a motion for the production of his transcripts at the Government's expense.

Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense. Section 753(f) provides that:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). An indigent may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See, e.g., United States v. MacCollum*, 426 U.S. 317, 323-30 (1976). Copies of transcripts may be provided for actions brought under § 2255, but the filing of such action

is a precondition to the criminal defendant's request for free transcripts being entertained by the court. *See United States v. Bumpus*, 125 F.Supp.2d 190, 191 (S.D.W.Va. 2001).

Here, as the court is unaware of any filing of a § 2255 action, his request for transcripts based upon this ground is denied. Furthermore, to the extent that Bracamontes is requesting a copy of his transcripts for any other post-conviction proceedings, he fails to show the requisite "particularized need" for such records. Accordingly, Bracamontes' Motion for Reconsideration [DE-253] is DENIED.

SO ORDERED.

This the 16th day of April, 2012.

_____
JAMES C. FOX
Senior United States District Judge